UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TROY BROWN,

                                Plaintiff,                        Case No:

-against-                                   **JURY TRIAL**
                                                                                     **DEMANDED**

TREI GREEN and TARGET CORPORATION,

                                Defendants.
------------------------------------------------------------------------X

## NOTICE OF REMOVAL

        Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, TARGET CORPORATION (hereinafter "TARGET"), and TREI GREEN by the undersigned counsel, hereby remove to this Court the above captioned action, which was pending against them in the Supreme Court of the State of New York, County of Queens.  Removal is based on the following grounds:

        1.        On or about August 15, 2022, Plaintiff, TROY BROWN, commenced a civil action against TARGET in the Supreme Court of the State of New York, County of Queens, docketed as Index No. 716977/2022 (hereinafter the "Lawsuit").

        2.        On or about August 20, 2022, Trei Green, an employee of Target Corporation  and TARGET were served with a copy of the Summons and Verified Complaint in this Lawsuit at the store located at 160-08 Jamaica Avenue, Queens, New York 11432.  A true and accurate copy of the Summons, Verified Complaint is attached as **Exhibit A**.  There is no affidavit of service on file, nor does Target Corporation concede that service at one of its stores is proper service of process.

3. This Notice of Removal is being filed by TARGET and TREI GREEN pursuant to 28 U.S.C. § 1446(2) more than thirty days after alleged service of a copy of the Summons and Verified Complaint because the pleadings do not specify the amount in controversy and a good faith effort has been made to verify the alleged injuries. Plaintiff advised on September 12, 2022 that he would not cap damages at $75,000 thus the amount in controversy exceeds the jurisdictional limitation.

4. In this Lawsuit, Plaintiff asserts causes of action against TARGET based upon negligence .

5. The Lawsuit alleges that solely as a result of TARGET's negligence, "within the premises of Defendant, Target Corporation, located at 160-08 Jamaica Avenue, Queens, New York 11432. The Plaintiff alleges he was caused to slip and fall on a wet escalator." (Verified Complaint at ¶ **25**). The plaintiff's complaint only contains one allegation against Trei Green, specifically that he was a manager at the store located at 160-08 Jamaica Avenue Queens NY 11432 (Verified Complaint at par. ¶ 10) There are no allegations that Trei Green owned, operated, maintained or controlled the store in his individual capacity. Further there are no allegations that Trei Green was present at the time of the accident. Target maintains that the inclusion of Trei Green as a named defendant is both improper and solely an attempt to defeat diversity jurisdiction and is therefore a fraudulent joinder.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 due to complete diversity among the relevant parties' citizenship, not including the Defendant whom Target maintains was joined herein as a fraudulent joinder, and because the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs.

**Diversity Jurisdiction Exists/Fraudulent Joinder**

7. Plaintiff resides in the County of Queens and therefore is a citizen of the State of New York. (*See* Summons).

8. Defendant TARGET is a Minnesota business corporation and has its principal place of business in Minneapolis, Minnesota. TARGET is not a citizen of the State of New York, nor do they have principal places of business in New York. No change in the place of incorporation or principal place of business of TARGET has occurred since the commencement of this Lawsuit. While the defendant TREI GREEN is not a citizen of another State, the involvement of the store manager as a named defendant in this matter is a "fraudulent joinder" solely for the purposes of attempting to defeat diversity jurisdiction.

9. TREI GREEN is and was the store director at the Target store issue, and as such is a full time employee of TARGET CORPORATION. At no time on the date of accident did he act in his individual capacity, nor is there any allegation that he acted outside the scope of his employment. As a TARGET employee there is no basis for independent liability against him.

10. Accordingly, there is no possible recovery against Mr. Green under New York law and therefore this is a fraudulent joinder under the removal analysis.

11. Further the plaintiff's counsel has been advised of this and was requested to discontinue the direct action against Mr. Green, but has refused to do so claiming that he wants him in the case because he will want to depose him. TARGET will agree to produce him for a deposition, regardless of his being named in the caption.

12.     In Felipe v. Target Corp., the Court held that the plaintiff fraudulently joined the owner of the parcel of land on which a Target store was located to defeat diversity jurisdiction. 572 F Supp 2d 455 (2008). Like the present case, the plaintiff did not specify the amount of damages in her complaint and stated that he has been "injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all [New York state] lower courts....". Id. The Court cited to Juarbe v. Kmart Corp., 05 Civ. 1138, 2005 WL 1994010 (S.D.N.Y. Aug.17, 2005), where the plaintiff also did not specify an amount of damages in the Complaint, but alleged "severe and serious personal injuries to mind and body, great physical pain and mental anguish, and severe nervous shock". Id. at 1. The Court in *Jurabe* also found that plaintiff's failure to return the defendant's stipulation to limit recovery to $75,000 as evidence that the case was worth more than $75,000. Id. For the reasons set forth above, the Court in Jurabe found the amount in controversy to exceed $75,000. Id.

### Amount In Controversy Exceeds $75,000

13.     In the Complaint, Plaintiff seeks unspecified damages for personal injuries suffered at a TARGET store when "within the premises of Defendant, Target Corporation, located at 160-08 Jamaica Avenue, Queens, New York 11432"

14.     On September 12, 2022, Plaintiff's counsel was requested to stipulate that the recovery for damages would be capped at $75,000 and that TARGET would forego their request for removal. Plaintiff's counsel advised via email that Plaintiff would not so stipulate. The amount in controversy therefore exceeds $75,000. *See Felipe v. Target Corp.* (2008, SD NY) 572 F Supp 2d 455. See **Exhibit B**.

15.     This Lawsuit is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant

to the provisions of 28 U.S.C. §§ 1441 and 1446. Furthermore, removal to this judicial district and division is proper pursuant to 28 U.S.C. § 1441(a) as this is the district and division embracing Queens County, New York, where the Lawsuit is pending.

16. This Notice is accompanied by copies of all process, pleadings and orders served upon defendant in this action.

17. Promptly after this filing, this Notice of Removal will be served on Plaintiff, and TARGET will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court for the State of New York, County of Queens.

18. This Notice is signed in accordance with Federal Rule of Civil Procedure 11.

WHEREFORE, Defendants, TARGET CORPORATION and TREI GREEN respectfully remove the Lawsuit to this Court.

Dated: New York, New York
September 20, 2022

By: *Alice Spitz*
ALICE SPITZ (AS 5155)
MOLOD SPITZ & DeSANTIS, P.C.
1430 Broadway, 21st Floor
New York, NY 10018
Tel: (212) 869-3200
Our File No: TARG-587
Email: aspitz@molodspitz.com

Attorneys for Defendants

*TARGET CORPORATION and TREI GREEN*